IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Gary Scherer, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Crestline Hotels & Resorts, LLC,<br><br>Defendant. | Case No. 0:22-cv-00966-KMM-LIB |

## CONSENT DECREE

1.     This Consent Decree is entered between Gary Scherer ("Plaintiff"), and Crestline Hotels & Resorts, LLC ("Crestline" or "Defendant"). Plaintiff and Defendant will be referred to as "Party" in the singular and collectively as the "Parties" in the plural. The Effective Date of this Consent Decree will be the date this Consent Decree is fully executed and entered by this Court.

## RECITALS

2.     WHEREAS, Plaintiff filed a Complaint styled as *Scherer v. Crestline Hotels & Resorts, LLC*, Civil Action No. 2:22-cv-966, in the United States District Court for the District of Minnesota ("the Complaint"), alleging that Crestline or other subsidiary or affiliated companies of Crestline purportedly owns, manages, and/or operates certain hotels throughout the United States. The Complaint further alleges that the hotels do not provide beds in their accessible rooms that are accessible to individuals in manual wheelchairs or scooters, in purported violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. (the "ADA Title III"), for which Plaintiff, as an individual and putative class representative, seeks injunctive relief, declaratory relief, attorneys' fees, litigation expenses, costs, and other unspecified relief.

3.     WHEREAS, Crestline denies the allegations of Plaintiff's Complaint, and asserts good cause exists for the filing of a Motion to Dismiss the Complaint and a Motion to Strike the class allegations therein.

4.     WHEREAS, after considering the substantial time, expense and uncertainty associated with litigation of the claims, disputes and causes of action alleged or which could have been alleged in the Complaint (collectively, the "Lawsuit"), the Parties desire to compromise, settle, release and discharge, with prejudice, all of the same.

4870-4031-7498.1

5. NOW, THEREFORE, in consideration of the promises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to the following terms and conditions as full and complete settlement of the Lawsuit.

## JURISDICTION

6. Plaintiff claims that the hotels owned, operated, and/or managed by Defendant are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

7. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, and 42 U.S.C. § 12188. The Parties agree venue is appropriate.

## AGREED RESOLUTION

8. The Parties agree that it is in their best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.

9. Defendant denies Plaintiff's allegations in this lawsuit, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

In resolution of this action, the Parties hereby **AGREE** and the Court expressly **APPROVES, ENTERS, AND ORDERS** the following:

## TERM

10. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for thirty-six (36) months from the Effective Date.

## REMEDIATION

11. For all hotels that Crestline owns, operates, or manages as of the Effective Date of this Consent Decree, Crestline will make a written recommendation to those hotel owners that during the next renovation or replacement cycle of beds (which includes mattresses, box springs, frames, or any other component of the bed), that beds in their accessible rooms should be 20-23 inches measured from the ground to the top of the bed.

12. Within six (6) months of the Effective Date, Crestline shall provide Plaintiff and Plaintiff's counsel with a copy of the written recommendation referenced in Paragraph 11, along with a list of hotels for which they made such recommendation pursuant to Paragraph 11.

13.     Within six (6) months of the Effective Date, Crestline will ensure front-desk associates have information available regarding the bed height in accessible rooms, and will train its employees to handle accommodation requests to lower bed heights, if readily achievable.

14.     If the Department of Justice or any other duly authorized state or federal agency or legislative body promulgates regulations setting out a hotel bed accessibility standard applicable to Crestline's hotels that it owns, operates, or manages, such guidelines will be the standard set for remediation of the hotels under this Consent Decree.

## RELEASE

15.     In return for the valuable consideration and promises set forth in this Consent Decree, Plaintiff, on his own behalf and on behalf of all related persons, partnerships, or other entities and their heirs, executors, trustees, administrators, predecessors, successors, assigns, transferees and agents, jointly and severally ("Releasors"), knowingly, voluntarily, and intentionally agrees to, and does, settle, release, waive, and forever discharge Crestline, each and all of its past, present, and future parents, partnerships, joint ventures, corporations, subsidiaries, affiliated and related entities, members, agents, vendors, contractors, dealers, agents and other representatives, and all of its respective predecessors, successors, parents, subsidiaries, affiliates, assigns, transferees, agents, directors, officers, members of governing boards, employees, shareholders, insurers, reinsurers, attorneys and assigns along with any entity or person related to them, as well as any hotel owner that adopts Crestline's recommendation as outline in paragraph 11, jointly and severally (hereinafter collectively the "Released Parties"), of, from and against all actions, causes of action, claims, suits, debts, damages, judgments, attorneys' fees, costs, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or in equity, whether now known or unknown that the Releasors now have or may have had, or hereafter claim to have, on behalf of themselves or any other person or entity, against Released Parties that existed at any time before and including the Effective Date relating to Crestline (the "Released Claims"). This settlement, release, waiver, and discharge of claims includes, but is not limited to, claims asserted in the Lawsuit, as well all of those arising or which may be arising under ADA Title III and its regulations, the Rehabilitation Act, and and/or all other federal, state and local laws, codes, ordinances or regulations that provide protections from discrimination on the basis of disability, in law or in equity, whether now known or unknown.  This settlement, release, waiver, and discharge of claims also includes, but is not limited to, all known and unknown claims with respect to any operations or the physical condition of any portion or area of any hotel wholly or partially owned, operated or managed by Crestline, including, but not limited to, the heights of accessible beds provided at any such hotels as of the Effective Date and is not limited to the scope of the modifications listed below.

## MONITORING

16.     It is understood that Plaintiff and/or Plaintiff's counsel or agents intend(s) to monitor compliance with this Consent Decree during the Term of this Consent Decree (the "Monitoring Term"). If Plaintiff believes that any of Crestline's hotels that were contained in a Report are not in compliance with the terms of this Consent Decree at any time during the Monitoring Term (but after having a chance to renovate or replace the beds), Plaintiff shall notify

Defendant's counsel of record, Sunshine R. Fellows of Lewis Brisbois Bisgaard & Smith LLP, in writing, of the alleged failure, including reasonable particulars (the "Deficiency Notice"). The Deficiency Notice must identify with respect to the alleged deficiency all of the following information: (i) identification of the subject hotel; (ii) the date and approximate time of monitoring; (iii) the date and approximate time the alleged deficiency occurred (or is claimed to have occurred); (iv) the manner of monitoring (telephone, electronic, or in person); (v) the name and job title of any employee or other representative of the subject hotel with whom Plaintiff or his counsel or agents communicated; (vi) a detailed description of the entire conversation; and (vii) copies of any written communications with the subject hotel. Within thirty (30) calendar days of Defendant's counsel's receipt of the Deficiency Notice, the Parties will engage in good faith discussions regarding Plaintiff's contentions as set forth in the Deficiency Notice and either (i) agree on a remediation plan to address the alleged deficiency within thirty (30) calendar days from the date of such agreement, (ii) agree that no additional remediation is necessary or required, or (iii) disagree on matters set forth in the Deficiency Notice. If the Parties cannot reach agreement on the matters set forth in the Deficiency Notice within ninety (90) calendar days from Defendant's counsel's receipt of the Deficiency Notice, either Party may seek appropriate relief, including reasonable attorneys' fees and costs, from the United States District Court for the Western District of Pennsylvania or other appropriate federal jurisdiction to the extent that subject matter jurisdiction exists.

17.   All notices required under this Consent Decree shall be served on the Parties via recognized overnight courier service and electronic mail as follows:

If to Plaintiff:

David McCann
c/o Nicholas A. Colella,
LYNCH CARPENTER LLP
1133 Penn Avenue, Floor 5
Pittsburgh, PA 15222
nickc@lcllp.com

If to Defendant:

Crestline Hotels & Resorts, LLC
c/o Sunshine R. Fellows
Lewis, Brisbois, Bisgaard & Smith LLP
One PPG Place 28th Floor
Pittsburgh, PA 15222
Sunshine.R.Fellows@lewisbrisbois.com

## MODIFICATION

18.   No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

4870-4031-7498.1   4

## ENFORCEMENT AND OTHER PROVISIONS

19. The Parties agree that this Consent Decree and its construction are governed by ADA Title III and Minnesota law (the latter, only for matters which are not covered by ADA Title III). Any claims for enforcement of this Consent Decree shall be filed in the United States District Court for the District of Minnesota, to the extent that subject matter jurisdiction exists.

20. Plaintiff and Defendant have settled all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters sought in Plaintiff's Complaint through a separate Confidential Side Letter.

21. If any provision of this Consent Decree is determined to be invalid, unenforceable or otherwise contrary to applicable law, such provision shall be deemed restated to reflect, as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not in any event affect any other provisions all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

22. The signatories represent that they have the authority to bind the respective Parties, Gary Scherer and Crestline Hotels & Resorts, LLC, to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

23. The Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

*DocuSigned by:* **GARY SCHERER**   10/18/2022

Gary Scherer   Date

CRESTLINE HOTELS & RESORTS, LLC   10/31/2022

By: *Monica J. Bernstein*   Date

Its: EVP, General Counsel

**DONE AND ORDERED this 3rd day of November, 2022.**

s/Katherine M. Menendez
KATHERINE M. MENENDEZ
United States District Judge